UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROY C BARNHILL,

    Petitioner,

v.                                    Case No. 3:17cv693-MCR-CAS

JULIE JONES, *SECRETARY FLORIDA DEPARTMENT OF CORRECTIONS*,

    Respondent.
_____/

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation (the "Report") dated November 15, 2018, recommending that the Petition for writ of habeas corpus be denied. ECF No. 26. The parties have been furnished with a copy of the Report and were afforded an opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). The Court has made a *de novo* determination of the timely filed objections, ECF No. 27.

Petitioner Roy C. Barnhill first objects to the Magistrate Judge's recommendation that Ground One of his Petition be denied, arguing that the Magistrate Judge erred in "solely" focusing on Barnhill's consent to the decision to waive closing argument without "conduct[ing] any analysis of the reasonableness [that] decision . . . under the facts of the instant case." ECF No. 27 at 3–4; *see also*

*Bell v. Cone*, 535 U.S. 685, 698–99 (2002). The Court disagrees. The Magistrate Judge properly assessed whether the state court's denial of his ineffective assistance claim was "contrary to, or involved an unreasonable application of, clearly established Federal law" pursuant to 28 U.S.C. § 2254(d). *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (when reviewing an ineffective assistance of counsel claim pursuant to § 2254(d), the pivotable question is not whether "defense counsel's performance fell below *Strickland's* standard" but rather "whether the state court's application of the *Strickland* standard was unreasonable.");[1] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (the relevant question "is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold.") (quotations omitted); *Raulerson v. Warden*, 928 F.3d 987, 996–97 (11th Cir. 2019) (when the court reviews ineffective assistance claims under § 2254(d), "the question becomes whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."). Contrary to Barnhill's assertions, the

---

[1] In order to establish an ineffective assistance of counsel claim pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), the petitioner must establish 1) that his counsel's performance was deficient 2) and that this deficient performance resulted in prejudice. *See id*. at 687.

Case No. 3:17cv693-MCR-CAS

Magistrate Judge did not "solely" focus on Barnhill's consent to his counsels' decision to waive closing argument. Instead, the Magistrate Judge outlined Barnhill's and his trial counsels' testimony about the decision to waive closing argument, the state court's credibility determinations regarding this testimony, and the state court's finding that his trial counsel made a reasonable tactical decision based on this testimony. *See* ECF No. 26 at 15–21. Based on the foregoing, the Magistrate Judge concluded that "[i]n light of the testimony presented at the evidentiary hearing concerning counsels' trial strategy and Petitioner's agreement to the strategy, and in light of the evidence at trial, which presented the jury with necessary information concerning the violent nature of the victim and Petitioner's explanation of his belief that he needed to use deadly force to defend himself, Petitioner has not shown that the post-conviction court's credibility determinations and conclusions were unreasonable." *Id.* at 21. Accordingly, for the reasons discussed in the Report and herein, Ground One is due to be denied and Barnhill's objections are overruled.[2]

---

[2] Barnhill also argues that the Magistrate Judge erred in not addressing *Lawhorn v. Allen*, 519 F.3d 1272 (11th Cir. 2008), which he argues supports his ineffective assistance claim in Ground One. *See* ECF No. 27 at 9–10. *Lawhorn* is readily distinguishable and does not support Barnhill's argument that the state court unreasonably applied *Strickland* to his ineffective assistance claim. *See Lawhorn*, 519 F.3d at 1293–96 (holding that the petitioner's trial counsel was

Case No. 3:17cv693-MCR-CAS

Barnhill also objects to the portion of the Report recommending that the Court deny Ground Two. *See* ECF No. 27 at 10–18. Barnhill argues that the state court's denial of his ineffective assistance claim based on his trial counsel's cross-examination of Investigator Mia Harnett was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d); *see Harrington*, 562 U.S. at 101. Barnhill's trial counsel cross-examined Harnett on her potential bias and whether she conducted a thorough and impartial investigation. The State subsequently solicited allegedly improper opinion testimony on redirect,[3] which Barnhill attributes to his counsel's alleged error in opening the door to that opinion. The state court found that Barnhill's trial counsel was not deficient in cross-examining Harnett on these matters. *See* ECF No. 22-24 at 637. Barnhill has failed to show that this determination was an unreasonable application of *Strickland's* deferential standard.[4] *Raulerson*, 928 F.3d at 996–97; *see also Strickland v.*

---

ineffective under § 2254(d) for waiving closing argument in the sentencing phase of a capital case "based on a complete misunderstanding of a clear rule of law" and for failing to conduct adequate legal research in support of that decision).

[3] Specifically, the State asked Harnett what her interest was in the outcome of Barnhill's case, to which she responded: "As in any other criminal case that I work, when I feel that the facts and circumstances indicate that the defendant or the suspect committed a crime, I want to see justice done." ECF No. 22-11 at 502.

[4] In his objections, Barnhill argues that *Morales v. Jones* supports his ineffective assistance claim in Ground Two. ECF No. 27 at 12; *see Morales v. Jones*, No. 16-CIV-62311,

*Washington*, 466 U.S. 668, 689 (1984) ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). Thus, the Court rejects Barnhill's objection to the denial of his ineffective assistance claim of Ground Two. Given that, the Court finds it unnecessary to address whether Ground Two fails under the prejudice prong of the *Strickland* test.[5] *See Reaves v. Sec'y, Fla. Dep't of Corr.*, 872 F.3d 1137, 1151 (11th Cir. 2017) ("Because both parts of the [*Strickland*] test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa." (quoting *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000)).

---

2017 WL 2805183 (S.D. Fla. June 13, 2017), *report and recommendation adopted,* No. 16-62311-CIV, 2017 WL 2794089 (S.D. Fla. June 28, 2017)). The Court disagrees. In *Morales*, the petitioner argued that his trial counsel was ineffective for "'open[ing] the door' to the issue of whether the lead detective believed the victim" during cross-examination. *See id.* at *9. The court in *Morales* found that the state court did not unreasonably apply *Strickland* when it denied the petitioner's ineffective assistance claim. *Id.* In relevant part, the court in *Morales* found that the petitioner could not overcome the strong presumption that his trial counsel's decision "to attempt to undermine the detective's credibility by suggesting that she did not conduct an adequate investigation because she had already formed an opinion about Petitioner's guilt" was in the exercise of reasonable professional judgment. *See id.* For similar reasons, Petitioner's ineffective assistance claim in Ground Two must also fail.

[5] The state court did not address the prejudice prong on the merits when it denied Barnhill's ineffective assistance claim. *See* ECF No. 22-24 at 637.

Case No. 3:17cv693-MCR-CAS

Accordingly:

1. The Objections are **OVERRULED**, and the Magistrate Judge's Report and Recommendation is **ADOPTED** and incorporated by reference in this Order.

2. The Petition for writ of habeas corpus, ECF No. 1, is **DENIED.**

3. A certificate of appealability is **DENIED.**

**DONE AND ORDERED** this 26th day of August, 2019.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**